**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DORENZO T MOORE #M42635,           )
                                            )
      Plaintiff,                )
                                            )
      -vs-                    ) Case No. 25-cv-843-DWD
                                            )
                                          )
HUGHES, et al.,                  )
                                          )
      Defendants,              )

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, WILLIAM LOY, by and through his attorney, KWAME

RAOUL, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil

Procedure, hereby provides his Answer to Plaintiff's Amended Complaint [Doc. 19], in accordance

with SDIL-LR 8.2 and this Court's Merit Review Order [Doc. 22], states as follows:

**THE COMPLAINT**

Plaintiff alleges that from April of 2023 to October of 2025 he has experienced frequent

periods of contaminated or unsafe drinking water at Robinson. (Doc. 19 at 7). He alleges the water

is often dark brown or rusted looking and it sometimes smells of sewage.  In April of 2023 there

was a boil order, but inmates were not provided any safe water source for days and thus were forced

to drink the contaminated water. (*Id.*). Specifically, Plaintiff claims that from March 31, 2023, to

April 13, 2023, Defendant Loy (a former warden) issued a boil order after severe weather but did

not provide adequate drinking water the entire time.  From June 26 to 29, 2023, the water was again

brown. Plaintiff informed Defendants Harold and Purcell who "looked into it" but reported that

there was no notice about hydrants being flushed or any other cautionary note.  Plaintiff faults

Harold and Purcell for failing to do anything.  He alleges that for the same June 2023 incident he

also spoke to Defendant Olinger during a walk through.  Olinger promised to check into the issue but never reported back or implemented any preventive measures. (Doc. 19 at 8).  From April 21 to 26, 2024, Plaintiff informed Defendants Krick and Hendrix that the water was again brown. Krick said there was no boil order, though Hendrix reported the hydrants were being flushed. Plaintiff alleges he was not given alternative water.

**ANSWER: Defendant admits, per IDOC records, that there was a boil order in April of 2023. Defendant denies that no clean drinking water was provided. Defendant denies that there are frequent periods of unsafe or contaminated water. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

On August 29, 2024, Plaintiff spoke to Defendant Jennings (warden) about the issue and Jennings witnessed the dark brown water.  Jennings stated the water was safe to drink but provided no alternative. The problem persisted and after six days of discolored water Plaintiff informed Defendant Miller of the issue. He faults Miller for failing to document the issue or provide adequate water. (Doc. 19 at 9).  From September 27, 2024, to October 9, 2024, the water was again brown. Plaintiff informed Defendant Urley who stated the hydrants were being flushed.  No alternative water was provided. On October 22, 2024, Plaintiff reported brown water to Defendant Shanes and Shanes indicated hydrants were being flushed again and provided no alternative.  The issue persisted through October 30, 2024.

**ANSWER: Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

From April 11 to 26, 2025, there was a boil order for Robinson and the surrounding town. Plaintiff alleges that notice was not posted until the last day, and when Jennings had notice posted in the dietary unit it was posted in Spanish, which meant most inmates could not read the notice. Plaintiff further alleges that during this time the Illinois EPA issued a notice about high levels of

Case No. 25-cv-843-DWD                                                                 Page 2 of 7

contaminants in the water.  He alleges because the notice was not shared with the inmates, he was forced to drink contaminated water without knowing about it. (Doc. 19 at 11).  From June 6 to 16, 2025, the water was again brown, and Plaintiff reported it to Defendant Brown.  Brown indicated that all he could do was place a work order, and later in the day Defendant Kid indicated inmates should simply keep the water running.  Neither defendant offered an alternative. (Doc. 19 at 10).

**ANSWER: Defendant denies that there was a boil order for Robinson and the surrounding town from April 11 to 26, 2025. Defendant admits, per IDOC records, that the IEPA issued a notice to Robinson Correctional Center regarding water quality. Defendant denies that individuals in custody were forced to drink contaminated water. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

Plaintiff alleges he filed numerous grievances about the issue.  Often the response was that hydrants were being flushed, but Plaintiff faults Defendant Jennings for never providing notice of this or alternative water.  As for Defendant Loy, Plaintiff indicates he at least notified inmates via memo, but he did not provide any alternative water.  Plaintiff alleges that Defendant Hughes was also made aware of the issue via multiple detailed grievances. (Doc. 19 at 11).  He argues that her responses show that she failed to investigate because she had knowledge of numerous Illinois EPA violation reports but did not take any corrective action.

**ANSWER: Defendant Loy admits writing memos during his time as warden but does not recall the subject matter. Defendant Loy denies failing to provide alternative water. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

Additionally, Plaintiff alleges that he submitted a FOIA request with a grievance that was received by Defendants Demay and Joey Logan Pugh (Illinois EPA).  Plaintiff complained in the grievance about ongoing water problems at Robinson, and he complained that the prison was being

Case No. 25-cv-843-DWD                                                                 Page 3 of 7

given extensions to comply with a compliance commitment agreement that had been made with the Illinois EPA to remediate water issues at Robinson. (Doc. 19 at 11). Plaintiff faults Demay and Pugh as "administrators" of the Illinois EPA violations who have failed to ensure adequate remediation. He claims they did not hold wardens Loy and Jennings liable for fixing the issues identified. Plaintiff further complains that staff at Robinson only drink bottled water, which he believes is a sign they are aware of water contamination issues. (Doc. 19 at 12).

**ANSWER: Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

As a result of the contaminated water, Plaintiff alleges he is suffering diarrhea, stomach aches, headaches, chest pain, throat pain, skin irritation, and a lump in his testicles. He also complains of anxiety and depression related to the water issue. (Doc. 19 at 12). Plaintiff seeks punitive and compensatory damages. In support of the amended complaint, he submitted grievance documentation and affidavits (of himself and others) chronicling the water issues. In support of the original complaint, Plaintiff also submitted documentation he received from the Illinois EPA in response to a FOIA request. The documentation is notable because it confirms that beginning in 2022 and continuing through at least 2024, Robinson was on a "Compliance Commitment Agreement" with the Illinois EPA to remediate violations. (Doc. 1-1 at 1-43).

**ANSWER: Defendant admits that Plaintiff attached grievances, affidavits, and documentation from the IEPA to his complaint. Defendant denies that Plaintiff is entitled to punitive or compensatory damages. Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

Based on the allegations in the Amended Complaint, the Court will designate the following claims:

**Claim 1:**  Eighth Amendment deliberate indifference claim against Defendant Loy for failing to provide adequate drinking water from March 31, 2023, to April 13, 2023, after posting notice of a boil order; and for failing to respond to reported water issues thru at least August of 2023;

**ANSWER: Defendant Loy denies the allegations contained in this paragraph. Defendant further denies violating Plaintiff's Eighth Amendment rights.**

## Relief Requested

Defendants deny Plaintiff is entitled to any relief whatsoever.

## Jury Demand

Defendants demand a jury trial.

## Affirmative Defenses

### 1.  Qualified Immunity

At all times relevant to Plaintiff's claims, Defendant charged herein acted in the good faith performance of their official duties without violating Plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Defendants are, therefore, protected from liability by the doctrine of qualified immunity.

### 2.  Sovereign Immunity

To the extent that Plaintiff's claims against Defendant are in his official capacity, the claims are barred by the doctrine of sovereign immunity.

### 3.  Failure to Exhaust Administrative Remedies

To the extent Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this case of action, Plaintiff's claims are barred by the Prison Litigation Reform Act. Plaintiff filed this lawsuit concerning prison conditions while in the custody of the Illinois Department of Corrections and failed to properly exhaust administrative remedies prior to filing his suit.  Plaintiff's suit is therefore barred by 42 U.S.C. 1997e(a).

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiff and deny and all relief requested by Plaintiff in this matter.

Respectfully submitted,

WILLIAM LOY,

    Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

    Attorney for Defendants,

Andrew Holder #6353046
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8784 Phone        BY:   s/ Andrew Holder
(618) 236-8620 Fax             Andrew Holder #6353046
 Email: andrew.holder@ilag.gov      Assistant Attorney General
gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DORENZO T MOORE #M42635,                    )
                                            )
     Plaintiff,                            )
                                            )
     -vs-                                  ) Case No. 25-cv-843-DWD
                                            )
                                            )
HUGHES, et al.,                             )
                                            )
     Defendants,                           )

**CERTIFICATE OF SERVICE**

 I hereby certify that on March 31, 2026, the foregoing document, <u>Answer and Affirmative Defenses To Plaintiff's Complaint</u>, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the same to be mailed by United States Postal Service to the following non-registered participant:

Dorenzo T Moore #M42635
Robinson Correctional Center
Individual in Custody / Legal Mail
13423 East 1150th Avenue
Robinson, IL 62454

 

                                     s/ Andrew Holder_____
                                     Andrew Holder #6353046
                                     Assistant Attorney General
                                     201 West Pointe Dr. Suite 7
                                     Swansea, IL 62226
                                     Phone: (618) 236-8784
                                     Fax: (618) 236-8620
                                     Email: Andrew.Holder@ilag.gov
                                     gls@ilag.gov